Stephen B. BEAN, Plaintiff–Appellee,

v.

CSX TRANSPORTATION, INC., Defendant–Appellant.

No. 03–9245.

United States Court of Appeals, Second Circuit.

Oct. 26, 2004.

Scott A. Barbour, McNamee, Lochner, Titus & Williams, P.C., Albany, New York, for Appellant.

Stephen R. Coffey, (Andrew R. Safranko, Aaron A. Louridas, on the brief) O'Connell and Aronowitz, P.C., Albany, New York, for Appellee, of counsel.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

## *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

As to liability, the chief issue raised on appeal by CSX is whether the United States Department of Transportation ["US–DOT"] regulations codified at 49 C.F.R. § 399.201 *et seq.*, preempt the Occupational Safety and Health regulations codified at 29 C.F.R. § 1910.27. For the reasons substantially stated by the district court, we conclude that there is no preemption. Moreover, since the US–DOT regulations cited by CSX do not apply to the particular truck type involved here, it was not an abuse of discretion for the district court to exclude the regulation from evidence. *See Schering Corp. v. Pfizer, Inc.*, 189 F.3d 218, 224 (2d Cir. 1999). As to damages, we will not upset a jury verdict unless "the verdict is irrational or so high as to shock the judicial conscience." *Nairn v. Nat'l R.R. Passenger Corp.*, 837 F.2d 565, 566–67 (2d Cir.1988) *quoting Batchkowsky v. Penn Cent. Co.*, 525 F.2d 1121, 1124 (2d Cir.1975). Given the serious surgery plaintiff has undergone, and the expert testimony of more to come, the damages here do not rise to this level.

For the foregoing reasons, the district court's judgment is **AFFIRMED.**